UNITED STATES D I S T R I C T COURT
SOUTHERN DISTRICT OF NEW YORK

RALPH WALLACE; DEREK RAZOR;
CLIFFORD RANDALL; EDWARD C.
FUNCHES,

               Plaintiff,

-against-

DON DIVA MAGAZINE; KEVIN CHILES, CEO;
TIFFANY CHILES, PULISHER are being sued in
their official and individual capacities.
               Defendants.



**15 CV 5882**

CIVIL COMPLIANT

JURY TRIAL DEMANDED

    Plaintiffs Ralph Wallace, Edward Funches, Derek Razor and Clifford Randall are each citizens of the United States of America in the above-captioned action together moves pro se. for their complaint states as follows:

## PRELIMINARY STATEMENT

    This is a joint civil action complaint filed by private citizens of the State of New York who past criminal experience has been wrongly exploited and characters defame, thus correctly, seeking damages. enforcement and injunctive relief under 42 U.S.C. § 1983. alleging defamation of character and editorial standard violation in the interest of financial gain under the United States Constitution.

## II. PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Edward C. Funches, is a self employed C.E.O. of Inclusion Marketing and Advertisement Group Inc. He is a citizen of the United States and Bronx County resident.

2. Plaintiff Derek Razor is a citizen of the United States.

3. Plaintiff Ralph Wallace is a citizen of the United States.

4. Plaintiff Clifford Randall is a citizen of the United States and New York County resident.

5. Defendant Don Diva Magazine of 603 West 115th Street, Suit 313, New York, New York 10025.

6. Defendant Kevin Chiles is the C.E.O. of Don Diva Entelainment the parent Company of Don Diva Magazine who business address of record is 603 W.115th Street, Suit 313, New York, NY 10025.

7. Tiffany Chiles, the estrange wife and Publisher of Don Diva Magazine of 603 West 115th Street, Suit 313, New York, New York 10025.

8. This is a civil action seeking damages for defamation of character of the above-mentioned plaintiffs and Editorial Standard violation in violation of rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983, alleging gross dereliction of editorial and publications duties in violation libeling and slandering under the Fourteenth Amendments to the United States Constitution.

9. This Court has jurisdiction over the Plaintiff claims of violation of federal constitutional rights pursuant to 42 U.S.C.A. §§ 1331 and 1343.

10. This Court has supplemental jurisdiction over Plaintiffs' state law tort claims under 28 U.S.C. § 1367.

## JURY DEMAND

11. Plaintiff's demands trial by jury in this entitled action.

## FACTUAL ALLEGATIONS

12. The Plaintiffs herein each has been brought in charged and convicted under an infamous 86 Federal count superseding indictment following arrests by joint state and federal agents of C-11 task force as alleged members and/or co-conspirators of the Lynch Mob drug and murderous organization. Each plaintiff is a now law-abiding citizen and proceeding healthy lives. since the conclusion of 1995 arrests. On or about April, 2015 Volume No.21 of issue 56 of Don Diva Magazine was released exploiting the lives of the plaintiffs in a grossly misplaced Article stemming from an Interview of one Louis Griffin, who is currently incarcerated in the Federal Bureau of Prisons based upon Public "record" defendant Tiffany Chiles gather from court files and erroneously put forth based upon absolutely no investigation and riddled with lies to advance the sell of Don Diva's staggering magazine sells.

13. Taken in turns, plaintiff Derek Razor was mentioned absent true facts or, referencing to a disclaimer on information outside of Mr. Griffin's interview by publisher Tiffany Chiles relating to plaintiff Derek Razor shooting and killing an individual on 142°d Street between 7th and Lenox Avenue after the deceased was lured to the block by Vincent Smith. Absent a "record" demonstrating the same or judicial determination to support the editorial Publication of such, Don Diva Magazine portrayed plaintiff as a murderer and violated him

through publicizing such statements that is defamatory in and of itself and is not capable of an innocent meaning during the month of November 15, 1993.

14. Plaintiff Ralph Wallace is erroneously depicted by defendant Tiffany Chiles as carrying 500 green-capped vials of crack cocaine on 141st Street while walking with a 16-year-old male whom he reportedly used as a human shield from gunfire. The teenager died from his injuries. Plaintiff Wallace claim that the offering of Proffered material concerning him absent judicial determination of him ever approaching co-defendant's Leon Brown uncle armed with a copy of the initial indictment and information of governmental witnesses Cl-1, Cl-2, and Cl-3 identified as Robert Cherry, Vincent Smith and Charles "Leon" Brown is patently false and geared towards arousing the passion of Harlem residents, especially depicting a deceased 16 year old as a member of the Lynch Mob. This was not the case and slanderous to report the same.

15. Plaintiff Edward Funches claim that he was portrayed by Don Diva Magazine as being a subordinate to Louis Griffin who the defendants' claim assumed partnership with

Charles Brown, and that plaintiff participated in transporting drugs across state lines to Birmingham, Alabama including up and down the East Coast in a multimillion drug operation, where these allegations are wholly unsupported and raise a claim of defamation cognizant to this court's review. No record adduced these facts relating to plaintiff and it is slander to imply the same to the public.

16. Together or separately these assertions made by the defendants' concerns each of the plaintiff's herein that was published by Don Diva Magazine to the general public, that is, any one other then the plaintiffs' and certainly none of the plaintiffs was consulted or consented to the slandering of their character who lives has been restored back into society which constitute per se defamatory.

17. Consistent with the definitions accorded to the terms "libel" and "slander," language is considered defamatory in nature if it tends to expose another to public hatred, shame, obloquy, contempt, ridicule, aversion, ostracism, degradation, or disgrace, or to induce an evil opinion of one the minds of right-thinking persons and to deprive him of their confidence and friendly intercourse in society.

18. At all time relevant hereto, defendant Kevin Chiles, was the Chief Executive officer of Don Diva Entertainment, the parent company of Don Diva Magazine and through his officials at Don Diva Magazine, he promulgates and implements polices, including those with respect for publicist to follow that mandated by federal and state law relative to the supervision, and conduct of all employees, including defendant Tiffany Chiles referenced herein. In addition, at all times the defendant Kevin Chiles was responsible for ensuring that his personnel, to wit, publicist was employing the skills of a trained publisher via investigating all parties involve or at least gaining court certified "record" determined facts of each individual name for an informed

public notice of information disseminated. Instead he failed to have personnel obey the laws of the United States and of the State of New York. He is being sued in his individual capacity.

19. Defendant Tiffany Chiles is the publicist of the Article in question and conducted an interview with incarcerated Louis Griffin and limited to this interview defendant Tiffany Chiles never adduced the statements outlined herein from Griffin bore in the three pages proceeding, yet acting in the capacity of agent, servant, and employee as such, and employee of defendant Don Diva Magazine within the scope of her employment as and acting under color of state law engaged in supposition and conjuncture rather then performing a thorough evaluation of true facts presented by the Lynch Mob story. Instead, Tiffany Chiles defame, libel and slandered the characters of individual named in entitled Harlem Dark Knights 142nd Street Lynch Mob. She is being sued in her individual capacity.

20. Defendant Don Diva Magazine is a hypocritical exploitative publication. It allegedly exposes criminals yet it is engages in crime itself since it's own chief executive officer Kevin Chiles, a noted drug dealer as depicted who's crew cooperated with federal investigation and, own father cooperated in state prosecution of one alleged in the killing of Ms. Chiles, his Mother, defendant Chiles's son most recently was arrested for drugs e.t.c., though no publication was made of such. Don Diva Magazine is being sued in its official capacity and is not immune since the none of the statement offered in Issue 56 relating to Lynch Mob are true and inure to each plaintiffs' liberty interest. See, Orenstein v Figel, 677 F.Supp.2d 706 (S.D.N.Y. 2009).

## CAUSE OF ACTION I

21. Paragraphs one through 22 is incorporated herein by reference as thought fully set forth.

22. Defendant Don Diva Magazine failed in its editorial standards to specifically cite disclaimer to prevent liability in the Volume 21, 56 Issue in relating Harlem Dark Knights 142nd Street Lynch Mob which is arbitrary, capricious and contrary to New York Law. This action pose a **42 U.S.C. § 1983** concern.

23. Plaintiffs claim the defendants' negligence standard of fault in failing to have Don Diva Magazine take proper investigatory measure and printing falsity is a viable element of Cause of action for defamation against each of the plaintiffs named where they are personal injured. This action pose a **42 U.S.C. § 1983** concern.

**WHEREFORE**, Plaintiff respectfully request judgment against the Defendants' as follows:

1. an order awarding compensatory damages in the amount of $1,000,000.00 (million) from Don Diva Magazine to each plaintiff named in entitled complaint;

2. an injunctive order ordering defendants' Don Diva Magazine cease and desist Volume 21, Issue 56 publication;

3. an order awarding punitive damages in the amount of $1,000,000 (1 million) to each of the plaintiffs named in the entitled complaint;

6. an order directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, cost and disbursements of this action as it may appear plaintiffs herein is entitled.

Dated: June 5, 2015
Bronx, NY

Respectfully submitted,

Edward Funches, Pro se

Derek Razor, Pro se

Clifford Randall, Pro se

Ralph Wallace, Pro se